IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEYES FIBRE CORP., ) | |
| ) | |
| Plaintiff ) | |
| v. ) | NO. 3:17-cv-0613 |
| ) | JUDGE TRAUGER |
| PACE INDUSTRY UNION- ) | |
| MANAGEMENT PENSION FUND, ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM**

Pending before the court is Defendant's Motion to Dismiss Complaint (Docket No. 20). Plaintiff has filed a Response (Docket No. 24), Defendant has filed a Reply (Docket No. 25), and Plaintiff has filed a Sur-Reply (Docket No. 28). For the reasons stated herein, Defendant's Motion will be granted.

INTRODUCTION

This action was brought by Keyes Fibre Corporation to resolve whether Defendant, the Pace Industry Union-Management Pension Fund ("the Fund"), in critical and declining status, can require a withdrawing employer (Plaintiff) to pay a pro rata portion of the Fund's accumulated funding deficiency[1] through a unilateral modification to the Fund's Rehabilitation Plan. Plaintiff alleges that the Fund entered critical status, which means it is in dire financial condition, in 2010 and, as required by the Employee Retirement Income Security Act ("ERISA"), adopted a Rehabilitation Plan to

---

[1] An "accumulated funding deficiency" is the amount, determined at the end of the plan year, equal to the excess (if any) of the total charges to the funding standard account of the plan over the total credits to such account. 29 U.S.C. § 1084(a). The "funding standard account" is an actuarial measure that ERISA requires the Fund to maintain to measure the funding of the plan. 29 U.S.C. § 1084(b).

forestall insolvency.[2] A rehabilitation plan consists of actions, such as reductions in plan expenditures, reductions in future benefit accruals, and increases in contribution rates, designed to improve the fund's financial outlook. *WestRock RKT Co. v. Pace Industry Union-Management Pension Fund*, 856 F.3d 1320, 1322 (11th Cir. 2017).

Plaintiff asserts that, in 2012, Plaintiff and its employees' union negotiated a renewed collective bargaining agreement ("CBA"), in which Plaintiff agreed to continue participation in the Fund and also agreed to the Fund's 2010 Rehabilitation Plan.[3] *See* Docket No. 1-2 (Article 23 of the CBA). Plaintiff claims that, in 2013,[4] the Fund's trustees amended the 2010 Rehabilitation Plan to include the following language: "In addition, in the event an Employer withdraws during a Plan Year when the Fund has an accumulated funding deficiency, as determined under Section 304 of ERISA, the Employer shall be responsible for its pro rata share of such deficiency in addition to any withdrawal liability determined under Section 4211 of ERISA." Plaintiff contends that it never agreed to be bound to any amendment to the 2010 Rehabilitation Plan.

Plaintiff withdrew from the Fund in 2016 when its CBA expired. Plaintiff alleges that the Fund has demanded payment from Plaintiff of a portion of the Fund's accumulated funding deficiency in accordance with its 2013 amendment to the Rehabilitation Plan. Plaintiff claims that

---

[2] ERISA sets forth two types of rehabilitation plans. The first is to enable the plan to cease to be in critical status by the end of the rehabilitation period. 29 U.S.C. § 1085(e)(3)(i). The second, the one chosen by Plaintiff, includes "reasonable measures to emerge from critical status at a later date or to forestall possible insolvency." 29 U.S.C. § 1085(e) (3)(ii).

[3] Plaintiff argues that it agreed "to comply with" the 2010 Rehabilitation Plan, but the CBA states merely that Plaintiff agreed to the Fund's 2010 Rehabilitation Plan.

[4] Defendant asserts that the amendment was adopted in 2012, but this date is immaterial to the pending motion.

requiring it to pay this pro rata portion of the accumulated funding deficiency violates ERISA. Plaintiff also asserts that, because this action requires the court to interpret and apply the language of a CBA, federal question jurisdiction exists under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In its Response to Defendant's Motion, Plaintiff claims that "[a]t base, this case is about whether the Fund can unilaterally alter - through the 2013 Amendment - a contractual commitment to comply with the 2010 Rehabilitation Plan." Plaintiff then asserts that the court can and should assess whether the Fund can impose the 2013 Amendment under the LMRA and whether the Fund can unilaterally impose the 2013 Amendment against Plaintiff under ERISA.

Defendant asks the court to dismiss this action, arguing that ERISA does not authorize an employer to bring suit to challenge an aspect of a fund's duly-adopted rehabilitation plan. Following Plaintiff's Response brief, in which Plaintiff asserts that its claims also involve the LMRA, Defendant argues that Plaintiff has not sufficiently pled a claim under the LMRA, that any adjudication of the CBA in this case under the LMRA would not resolve the dispute, and that Plaintiff cannot bring a declaratory judgment action under the LMRA to challenge the validity of the amended Rehabilitation Plan.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DECLARATORY JUDGMENTS

The Complaint states that Plaintiff brings this claim for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Declaratory Judgment Act authorizes federal courts to declare the rights and other legal relations of any interested party seeking such declaration, without granting further relief. 28 U.S.C. § 2201; *Emergency Medical Care Facilities v. BlueCross BlueShield of Tenn., Inc.*, 2017 WL 237650 at * 9 (W.D. Tenn. Jan. 19, 2017). But Section 2201 does not create an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). The point of the Declaratory Judgment Act is to create a remedy for a *preexisting* right enforceable in federal court. It does not provide an independent basis for federal subject matter jurisdiction. *Emergency Medical Care* at * 9. Thus, Plaintiff must allege another basis for subject matter jurisdiction in federal court. Defendant contends that Plaintiff has not alleged a cognizable federal cause of action.

## CONSTITUTIONAL CLAIM

Plaintiff, for the first time, argues in response to Defendant's Motion, that granting the Fund's Motion would "provoke" constitutional concerns. There is no claim in the Complaint that Defendant's actions or inactions violate the Constitution. The court will not consider this argument.

ERISA

Congress enacted ERISA "to promote the interests of employees and their beneficiaries in employee benefit plans and to protect contractually defined benefits." *Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the U.S.A.*, 770 F.3d 414, 418 (6th Cir. 2014). ERISA provides comprehensive regulation of employee welfare and pension benefit plans, including administrative oversight, criminal sanctions, and a comprehensive civil enforcement scheme. *Id*. The civil enforcement mechanisms permit participants, beneficiaries, and fiduciaries to pursue claims concerning employee benefits and rights. *Id*. (citing 29 U.S.C. § 1132). For multi-employer plans, employers are permitted to bring some specific claims based on withdrawal from, or termination of, pension plans. *Id*.; 29 U.S.C. § 1451(a)(1). In addition, in the case of a multi-employer plan that has been certified to be in endangered or critical status, an employer may bring an action to compel the plan to adopt a rehabilitation plan or to update or comply with the terms of the rehabilitation plan. 29 U.S.C. § 1132(10).

Thus, the grant of federal jurisdiction for ERISA litigation is limited to suits by certain parties. 29 U.S.C. § 1132. Congress limited employers' rights because ERISA was enacted to protect employees' retirement income. *WestRock*, 856 F.3d at 1323. Courts have refused to find implied causes of action beyond those explicitly provided for in the ERISA statute. *See, e.g., Whitworth Bros. Storage Co. v. Central States, Southeast & Southwest Areas Pension Fund*, 794 F.2d 221, 228 (6th Cir. 1986). In that case, the court stated that, "when the statute specifically provides certain remedies,

the courts should not expand the statute to encompass other remedies." *Id*. at 230.[5] Defendant argues that ERISA does not provide a cause of action for the employer in this case.

ERISA does provide narrow, specific causes of action for employers to challenge certain alleged behavior by the Fund. As indicated above, ERISA provides limited causes of action for employers under 29 U.S.C. § 1451(a)(1) and 29 U.S.C. § 1132(10). Plaintiff has not alleged either of these statutes as bases for its causes of action. In fact, Plaintiff specifically states, in its Response, that it is *not* challenging the 2013 Amendment under 29 U.S.C. §§ 1132 and 1451.

Plaintiff has not cited to any part of ERISA that provides a cause of action for an employer to challenge an amendment to a rehabilitation plan that has been adopted, updated and complied with by the Fund. Neither does Plaintiff cite to anything else in ERISA that suggests an employer has a role to play when the Fund enacts "reasonable measures" under 29 U.S.C. § 1085(e)(3)(ii). *See WestRock*, 856 F.3d at 1325. The Sixth Circuit has held that Congress' decision not to include employers was intentional. *Girl Scouts*, 770 F.3d at 422. Plaintiff's claim does not fall within the narrow, specific provisions by which an employer may bring a cause of action under ERISA. For example, this is not an action to compel the Fund to adopt a rehabilitation plan or to update or comply with the terms of its rehabilitation plan.

In response to Defendant's Motion to Dismiss, Plaintiff argues that the court can create a federal common law cause of action under ERISA in this case. Citing *Whitworth* , Plaintiff contends that, if the Sixth Circuit is willing to create a federal common law cause of action for an employer

---

[5] The *Whitworth* court recognized a limited right of action under federal common law for equitable restitution of mistaken payments. *See Girls Scouts*, 770 F.3d at 423. "The common law right recognized in *Whitworth* is limited by ERISA provisions permitting refunds of excess contributions only when there is a mistake of fact or law." *Id*.

to seek restitution of money mistakenly paid, it should also allow a claim about the propriety of the Fund's demand for money from an employer in this instance. The *Whitworth* court found that ERISA provided neither an express nor an implied cause of action for the plaintiff employer, but it held that preemption of state law by ERISA required application of federal law to the employer's restitution claim, so federal jurisdiction existed.[6] *Whitworth*, 794 F.3d at 232-33. Plaintiff's claim is not a claim for restitution. There is no state court action.

The Sixth Circuit has construed the *Whitworth* holding narrowly. *Girl Scouts*, 770 F.3d at 422-23. "The common law right recognized in *Whitworth* is limited by the ERISA provisions permitting refunds of excess contribution only when there is a mistake of fact or law." *Id*. at 423; *see also Girl Scouts of Middle Tennessee, Inc. v. Girl Scouts of the United States of America*, 2013 WL 12099294 at * 4 (M.D. Tenn. Oct. 11, 2013) ("Subsequent interpretations of *Whitworth* appear to have limited its applicability to recovery of mistaken contributions under § 403 of ERISA.")

In *Girl Scouts*, the Sixth Circuit noted that federal common law is developed under ERISA only in those instances in which ERISA is silent or ambiguous. *Girl Scouts*, 770 F.3d at 420. There, the plaintiff was asserting that the defendant breached its contractual obligations by amending the ERISA plan (not the rehabilitation plan) without Plaintiff's consent. The court found that ERISA was not silent as to breach of contract claims. *Id*. Here, as there, Plaintiff's claims could be brought under ERISA's provisions if Plaintiff were a party permitted to enforce them. ERISA provides for civil enforcement of its provisions under 29 U.S.C. § 1132 and provides that certain parties (participants,

---

[6] The court based its exception on 29 U.S.C. § 1103(c)(2)(A)(ii), which provides that, in the case of a contribution made by an employer to a multi-employer fund by mistake of fact or law, ERISA does not prohibit the return of such contribution or payment to the employer. *Whitworth*, 794 F.3d at 225.

beneficiaries, plan fiduciaries and the Secretary of Labor) may bring an action for violations. That list is exclusive. *Id*. at 421. As noted in *Whitworth* , Congress intended to limit the parties who could maintain actions pursuant to 29 U.S.C. § 1132. *Id*. ERISA is far from silent on the contractual claims Plaintiff alleges. *Girl Scouts*, 770 F.3d at 421.

Plaintiff contends that it may bring a "mirror-image" claim under ERISA to obtain a declaratory judgment before Defendant's threatened action to collect the money it is demanding. In *The Painting Co. v. District Council No. 9,* 2008 WL 4449262 (S.D. Ohio Sept. 30, 2008), the court faced the question of whether an employer, a non-enumerated party under Section 1132(e), can bring an action for declaratory judgment under ERISA if the declaratory judgment defendant could have brought such an action. That court held: "Under the law of this circuit and the United States, an employer cannot bring such an action." *Id*. at * 10 (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101 (6th Cir. 1983) and *Whitworth*, 794 F.2d at 228).

As noted by the *Painting Co.* court, in cases like *Rodriguez v. Tenn. Laborers Health and Welfare Fund*, 463 F.3d 473 (6th Cir. 2006), the courts stated that they must determine whether they would have jurisdiction over the threatened claim in order to determine whether they had jurisdiction over the declaratory judgment action; but all of those cases involved declaratory judgment plaintiffs who were enumerated parties in Section 1132(e), empowered to bring an action in the district court under ERISA. *Painting Co.*, 2008 WL 4449262 at * 10; *see also Weigandt v. Farm Bureau Gen. Ins. Co. of Mich.*, 54 F.Supp.3d 756 (E.D. Mich. 2014) (declaratory judgment plaintiff was a participant).[7] Employers, such as Keyes Fiber, are not enumerated parties under ERISA.

---

[7] In *Newpage Wisconsin System, Inc. v. United Steel, Paper & Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers Int'l. Union*, 651 F.3d 775 (7th Cir. 2011), cited by Plaintiff, one of the declaratory judgment plaintiffs was the ERISA benefit plan.

For these reasons, the court finds that it has no subject matter jurisdiction over Plaintiff's ERISA claims, and those claims will be dismissed.

## LMRA

Plaintiff's Complaint alleges that the court also has federal jurisdiction under the LMRA, specifically 29 U.S.C. § 185, which provides that suits for violation of contracts between an employer and a labor organization may be brought in any district court of the United States having jurisdiction of the parties. 29 U.S.C. § 185(a). Plaintiff, in response to Defendant's Motion, has argued that Defendant waived any right to move for dismissal of its LMRA claim by failing to argue it in this Motion. Defendant, on the other hand, contends that the single mention of the LMRA as a basis for federal jurisdiction does not constitute a "well-pled allegation under the LMRA" or fair notice to Defendant of the grounds upon which Plaintiff's claim rests. Finding the only cause of action in the Complaint was Plaintiff's assertion that the Fund's 2013 Amendment violates three provisions of ERISA, not the LMRA, Defendant contends it did not perceive there to be an LMRA claim.

Plaintiff's Complaint refers to the LMRA only once, as noted above, for jurisdictional purposes. Plaintiff argues that its references to the CBA are all allegations of LMRA violations as well as ERISA violations, even though the allegations do not specifically say so. Neither Count I (Declaratory Judgment) in the Complaint nor the prayer for relief asks the court to make any finding under the LMRA. Indeed, nowhere in the Complaint is there an allegation that the 2013 Amendment violated the LMRA. The Complaint contends that the 2013 Amendment contravenes ERISA. It does not allege that the 2013 Amendment contravenes the LMRA.

The court finds that Plaintiff has not sufficiently alleged a claim under the LMRA. Simply citing the statute does not provide sufficient factual matter to state a claim to relief that is plausible on its face, as required by *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

CONCLUSION

Because the court has no jurisdiction over Plaintiff's ERISA claim, and Plaintiff has failed to state a claim under the LMRA, this action will be dismissed.

ENTER this 17th day of October 2017.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE